IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GORDON O. HOFF, Sr., #03956-090, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 18-cv-01940−NJR |
| T.G. WERLICH, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gordon Hoff, Sr., an inmate who is currently housed at the Federal Correctional Institution located in Greenville, Illinois, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to challenge his life sentence in *United States v. Gordon Hoff, Sr. and Eric Meyer*, No. 96-CR-10 (W.D. Wis.). Hoff contends that his life sentence for a violation of 21 U.S.C. § 841(b)(1)(A) is unlawful because the jury that convicted him never determined the type or quantity of drugs beyond a reasonable doubt. (Doc. 1, p. 4). Hoff has made this argument in various motions and federal courts for almost two decades. This time, he relies on the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014).

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

**Background**

Gordon Hoff, Sr. ("Hoff") was indicted in 1995 for intimidating a witness, following an FBI investigation into drug activity and several related murders in northwestern Wisconsin. *See United States v. Meyer*, 157 F.3d 1067 (7th Cir. 1998). Hoff entered into an immunity agreement with the government, in which he agreed to make a "full, complete and truthful statement" about his involvement in the violation of federal criminal laws. In exchange, the government agreed to dismiss the witness tampering charge and refrain from pursuing other federal charges against him.

Hoff breached his immunity agreement and was indicted by a federal grand jury for conspiracy to distribute cocaine and to possess cocaine with intent to distribute. *See United States v. Meyer*, 157 F.3d 1067 (7th Cir. 1998). He filed a motion to dismiss the indictment, but the motion was denied after the government uncovered evidence of his extensive involvement in a conspiracy to traffic cocaine and marijuana with his son and another individual (Eric Meyer), as well as his direct involvement in the murder of a suspected police informant. Following a jury trial, Hoff was convicted of conspiracy to distribute cocaine and to possess cocaine with intent to distribute in violation of 21 U.S.C. § 841(1)(a). *Id*. He was sentenced to life in prison, as follows:

> Under 21 U.S.C. § 841(b)(1)(A)(ii), the defendants faced a statutory maximum sentence of life in prison. Under the Sentencing Guidelines, § 2D1.1 sets a base offense level of 32 for the conspiracy in question. With respect to defendant Hoff, the district judge considered relevant conduct under § 1B1.3(a)(1) and § 3D1.2(b) and specifically found that Hoff had murdered Daniel Oestreich, had directed Meyer to murder Fenner, had been involved in disposing of both of the bodies, and that the murders had been committed because Hoff believed that the victims were going to inform the police of his drug activities. Given these specific findings, Judge Crabb applied the cross-reference set out in § 2D1.1(d)(1) for cases in which "a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111." This cross-reference directs the court to apply § 2A1.1 (First Degree Murder) which increased Hoff's base offense level to 43, the highest level available under the Guidelines. Level 43 carries with it a sentence of life imprisonment at all criminal history levels.

*See Meyer*, 157 F.3d at 1073. His sentence was affirmed on direct appeal in 1998. *Id*.

Hoff subsequently filed a steady stream of motions in federal courts in Wisconsin, Colorado, and now Illinois raising essentially the same challenge to his sentence. In 1999, he moved to vacate his sentence under 28 U.S.C. § 2255. *Hoff v. United States*, No. 99-C-0582-C (W.D. Wis.). Relying on *Apprendi v. New Jersey*, 530 F.3d 466 (2000), Hoff argued that his life sentence was unconstitutional because the jury never determined the drug type and quantity beyond a reasonable doubt. The district court denied his motion, and the Seventh Circuit concluded that his claim was procedurally barred. *See Hoff v. United States*, 10 F. App'x 340 (7th Cir. 2001). He filed a motion to modify his sentence, which was dismissed as an unauthorized second or successive Section 2255 motion. *United States v. Hoff*, No. 96-CR-00010-C (W.D. Wis. 2004). Hoff then filed his first habeas petition pursuant to 28 U.S.C. § 2241 (first Section 2241 Petition), once again challenging his sentence on the ground that "it was based on facts that were not found beyond a reasonable doubt by the jury." *See Hoff v. Rios*, No. 06-1608-ZLW (D. Co. 2006) (Doc. 5, p. 2; Doc. 7, p. 5). The first Section 2241 Petition was dismissed, and the Tenth Circuit affirmed the decision. *Hoff v. Rios*, App. No. 06-1497 (10th Cir. May 2, 2007).

Undeterred, Hoff continued to file motions, by various names and in different courts, raising essentially the same argument without any success. *See, e.g., Hoff v. Lappin*, No. 07-2136-ZLW (D. Co. 2007) (dismissing petition for writ of mandamus); *Hoff v. Lappin*, 266 F. App'x 762 (10th Cir. 2008) (denying motion for leave to appeal *in forma pauperis* and pointing out that Hoff also "unsuccessfully sought relief in this circuit under 28 U.S.C. § 2241 for claims similar to those raised here. . . . Mr. Hoff's appeal is frivolous—as has been stated, many times"); *United States v. Hoff*, App. No. 08-1815 (7th Cir. 2008) (dismissing petition for writ of mandamus); *Hoff v. United States*, App. No. 16-1598 (7th Cir. 2016) (denying application to file second or successive Section

2255 motion to vacate sentence); *Hoff v. Crabb*, No. 17-1782 (7th Cir. 2017) (dismissing petition for writ of mandamus).

**Discussion**

In the instant Section 2241 Petition ("second Section 2241 Petition"), Hoff once again asserts that his sentence is unlawful because the jury did not consider or find the quantity or drug type beyond a reasonable doubt. (Doc. 1, p. 4). According to Hoff, he is "factually and actually innocent and legally ineligible for detention under 841(b)(1)(A)." *Id*. In support of this claim, he cites the United States Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014).

A federally convicted person must ordinarily attack his conviction or sentence by filing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). A Section 2255 motion is generally the "exclusive means" for a federal prisoner to bring a collateral attack. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, Section 2255 generally limits a prisoner to a single challenge of his conviction and sentence.

If a prisoner has already filed a Section 2255 motion, he must obtain permission from the court of appeals before filing a second or successive motion. 28 U.S.C. § 2255(h). A panel of the appropriate court of appeals must certify that the motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge a federal conviction or sentence under 28 U.S.C. § 2241, but only where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also United States*

*v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255(e) is known as the "savings clause" for this reason. Section 2255 is considered to be inadequate or ineffective when three requirements are met. *Brown v. Caraway*, 719 F.3d at 586 (citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). First, the prisoner must demonstrate that he relies on a "statutory-interpretation case" and not a constitutional case. *Id*. (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Second, the prisoner must establish that he relies on a decision that is retroactive on collateral review and could not have been invoked in his first Section 2255 motion. *Id*. Third, the complained-of error must have been grave enough to be deemed a "miscarriage of justice." *Id*. (citing *In re Davenport*, 147 F.3d at 611-12 (a prisoner must show a "fundamental defect in his conviction or sentence")). *See also Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

The Supreme Court's decision in *Burrage* affords Hoff no relief under Section 2255(e). This is true, despite the fact that *Burrage* is a statutory-interpretation case that has been deemed retroactively applicable on collateral review. *Krueger v. United States*, 842 F.3d 490 (7th Cir. 2016); *Prevatte v. Merlak*, 865 F.3d 894, 898 (7th Cir. 2017), *reh'g and suggestions for reh'g en banc denied* (Sept. 28, 2017). The Seventh Circuit has already found that Hoff's sentence was lawfully imposed by the sentencing court, and the Seventh and Tenth Circuits have rejected his *Apprendi* argument repeatedly. The Seventh Circuit's decision in *Camacho v. English*, 872 F.3d 811 (7th Cir. 2017), is dispositive. In *Camacho*, the Seventh Circuit recognized that *Burrage* did not create a new rule of statutory interpretation that a jury must decide any fact that increases the minimum and maximum sentences. *Id*. Rather, that "concept . . . flows from *Apprendi* and *Alleyne* [*v. United States*, 570 U.S. 99 (2013)]; *Burrage* merely applied it to the Controlled Substances Act." *Camacho*, 872 F.3d at 814. Although Hoff urges this Court to extend the reasoning in *Apprendi* or *Alleyne* to his case, "neither *Alleyne* nor *Apprendi* has been found to be retroactive on

5

collateral review." *Id*. Hoff has repeatedly raised this *Apprendi* argument unsuccessfully, and *Burrage* opens no new door to relief under the savings clause.

### Disposition

For the reasons set forth above, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Hoff wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues Hoff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Hoff does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Hoff to obtain a certificate of appealability in an appeal from this petition brought under Section 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: December 17, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**